# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52316-7-II |
| Respondent, | |
| v. | |
| JUSTIN RICHARD LESLIE, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Justin Leslie appeals from his felony violation of a domestic violence court order conviction, asserting that the State failed to present sufficient evidence to support the conviction. Leslie also asserts, and the State concedes, that we must remand to the trial court to strike the legal financial obligation interest accrual provision from his judgment and sentence. In his statement of additional grounds for review, Leslie argues that the State engaged in malicious prosecution. We affirm Leslie's conviction and remand to the trial court to strike the interest accrual provision from his judgment and sentence.

## FACTS

Lauren Peterson is a protected party in a no-contact court order issued against Leslie. At approximately 3:00 a.m. on May 28, 2018, City of Lakewood Police Officer Jordan Feldman stopped Leslie for driving a vehicle with a broken taillight; Peterson was a passenger in the vehicle. Officer Feldman ran a records check and saw that the vehicle was registered to Peterson and that Peterson was a protected party in a no-contact order issued against Leslie. After confirming Leslie's and Peterson's identity, Officer Feldman arrested Leslie.

After Officer Feldman read Leslie his *Miranda*[1] rights, Leslie told him that he was aware of the no-contact order, but Peterson had told him she had either taken care of it or was in the process of having it dropped. Peterson told Officer Feldman that she was planning to have the no-contact order dropped. The State charged Leslie with felony violation of a domestic violence court order.

Before trial, Leslie stipulated that (1) he had two previous convictions for violating court orders, (2) he was the subject of a court order prohibiting his contact with Peterson, (3) the no-contact court order was in effect on May 28, 2018, (4) he had previously received notice of entry of that no-contact court order, and (5) that he had knowledge of the no-contact order on May 28. Officer Feldman and Peterson were the only witnesses at trial. Officer Feldman testified consistently with the facts stated above.

Peterson testified that she and Leslie were in a dating relationship for ten years and had three children together. Peterson said that she called Leslie prior to their meeting on May 28 and told him that she had the no-contact court order against him dropped. After the State confronted Peterson with a written statement she had submitted to police, Peterson said that she had told Leslie both that she was going to have the no-contact order dropped and that she already had the order dropped.

The jury returned a verdict finding Leslie guilty of violation of a court order. The jury also returned a special verdict finding that Leslie and Peterson were members of the same family or household.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

At sentencing, the trial court imposed an exceptional downward sentence of 24 months of incarceration and 12 months of community custody based on Peterson's willing participation in Leslie's contact with her. RCW 9.94A.535(1)(a). The trial court found Leslie indigent and waived all legal financial obligations apart from a mandatory crime victim assessment. Leslie's judgment and sentence contains an interest accrual provision that states, "The financial obligations imposed in this judgment shall bear interest from the date of the judgment until payment in full, at the rate applicable to civil judgments." Clerk's Papers at 194; RCW 10.82.090. Leslie appeals his conviction and the interest accrual provision of his sentence.

ANALYSIS

I. SUFFICIENCY OF THE EVIDENCE

Leslie contends that the State failed to present sufficient evidence to support his felony violation of a domestic violence court order conviction. Specifically, Leslie contends that the State failed to present sufficient evidence to support the element that he knowingly violated the order. We disagree.

Evidence is sufficient to support a conviction if any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the elements of the charged crime beyond a reasonable doubt. *State v. Longshore*, 141 Wn.2d 414, 420-21, 5 P.3d 1256 (2000). When reviewing whether the State presented sufficient evidence in support of a conviction, we interpret all reasonable inference from the evidence in the State's favor. *State v. Hosier*, 157 Wn.2d 1, 8, 133 P.3d 936 (2006). We consider direct and circumstantial evidence as equally reliable. *State v. Varga*, 151 Wn.2d 179, 201, 86 P.3d 139 (2004). Issues regarding conflicting

3

testimony, the credibility of witnesses, and the persuasiveness of evidence are for the trier of fact and not subject to review. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

To convict Leslie of felony violation of a domestic violence court order as charged and instructed here, the State had to prove beyond a reasonable doubt that (1) on May 28, 2018, there existed a no-contact order applicable to Leslie, (2) Leslie knew of the existence of the order, (3) Leslie knowingly violated the order, and (4) Leslie had twice been previously convicted for violating the provisions of a court order. RCW 26.50.110(1)(a)(iii). Leslie stipulated at trial to elements (1), (2), and (4), and challenges only the sufficiency of evidence in support of element (3)—that he knowingly violated the court order.

Leslie argues that the evidence at trial was insufficient to prove he knowingly violated the no-contact order because Peterson testified that she had told him she dropped the court order prohibiting his contact with her. This argument fails.

Leslie told Officer Feldman that he was aware of the no-contact order, but that Peterson had told him she had either taken care of it or that she was in the process of having it dropped. Because we view the evidence in the light most favorable to the State, this evidence alone is sufficient to support a finding that Leslie knowingly contacted Peterson in violation of the no-contact order.[2] Moreover, the jury was not obligated to find Peterson's testimony credible, and we are not permitted to review the jury's credibility determinations on appeal. *Thomas*, 150 Wn.2d at 874-75.

---

[2] The State argues that Leslie's reliance on Peterson's testimony cannot support his insufficiency of the evidence claim in light of the unchallenged jury instruction stating that it is not a defense to violation of a no-contact order that the protected party invited the contact. Because we resolve Leslie's claim on other grounds, we do not address the State's argument.

Here, Leslie stipulated that he had knowledge of the no-contact order that was in effect on the date he contacted Peterson. Leslie told Officer Feldman that Peterson was in the process of having the order dropped. And any reasonable jury could find that Leslie's prohibited contact with Peterson was made knowingly. Accordingly, sufficient evidence supports Leslie's conviction.

## II. INTEREST ACCRUAL PROVISION

Next, Leslie argues that we must remand to the trial court to strike a legal financial obligation interest accrual provision that is not statutorily authorized. The State concedes that the interest accrual provision should be stricken. We accept the State's concession.

RCW 10.82.090(1) now prohibits interest accrual on nonrestitution legal financial obligations. *See also State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018). Accordingly, RCW 10.82.090(1) prohibits the interest accrual provision included in Leslie's judgment and sentence, and the trial court should strike the provision.

## III. STATEMENT OF ADDITIONAL GROUNDS

In his statement of additional grounds, Leslie contends that the State engaged in malicious prosecution by not dismissing his charge after Peterson provided a statement that she told him she had dropped the no-contact order and that she had initiated the contact. Although the nature of Leslie's challenge is unclear, he appears to challenge the sufficiency of evidence supporting his conviction. Having rejected that challenge as argued by counsel, we do not again address it here.

Leslie also claims that the prosecutor rewrote a motion that had been previously denied, and that the trial court granted the motion without providing defense counsel adequate time to

respond. The nature of Leslie's claim on this issue is unclear and is not sufficiently developed to merit judicial review. *See* RAP 10.10(c) ("[A]ppellate court will not consider a defendant's statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors."). Additionally, Leslie's claim on this issue appears to rely on facts not present in the record on appeal, which are not reviewable on direct appeal. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Accordingly, we do not further address this claim.

We affirm Leslie's conviction and remand to the trial court to strike the interest accrual provision from his judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Lee, A.C.J.

Cruser, J.